UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

P. O. BOX 983
Harrisburg, PA 17108

August 29, 2006

FILED

AUG 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COURT TRANSFERRED TO: U.S. District Court for the District of Columbia

06-PT-337-TFH

RE:   1:CR-98-320-01    USA v. Nathaniel Taylor
                         Judge Rambo

Dear Sir/Madam:

Pursuant to Judge Rambo's Order dated June 30, 2006, this case was transferred to your court. I am enclosing a certified copy of the docket, Information and Judgement and Commitment.

Kindly acknowledge receipt of the file on the copy of the letter provided. Thank you for your assistance in this matter.

Very truly yours,

MARY E. D'ANDREA, CLERK

Kevin J. Neary
Deputy Clerk

RECEIPT

Acknowledge receipt of above on this _____ day of _____.

Signed: _____

CASE NO. ASSIGNED:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

06-PT-337-TFH

| UNITED STATES OF AMERICA | ) CRIMINAL NO. |
| --- | --- |
| v. | ) 1:CR-98-320 |
| NATHANIEL TAYLOR | ) |

FILED
HARRISBURG, PA

DEC 21 1998

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### INFORMATION

### COUNT I

**THE UNITED STATES OF AMERICA CHARGES THAT:**

On or about October 30, 1998, at the Federal Correctional Institution, Allenwood, and within the Middle District of Pennsylvania, the defendant

**NATHANIEL TAYLOR**

who was then an inmate at the prison, did knowingly possess and obtain a prohibited object: namely, a weapon; specifically, two home-made knives, the possession of which was contrary to the rules and regulations promulgated by the Penitentiary and the United States Bureau of Prisons, to wit: 28 Code of Federal Regulations, Sections 6.1 and 541.13.

All in violation of Title 18, United States Code, Sections 1791(a)(2), 1791(d)(1)(B) and 2.

December 16, 1998
Date

_____ By MCC
**DAVID M. BARASCH**
United States Attorney

Certified from the record
Date 8/28/06
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

12-21-98
Per _____

CLOSED, WVFILE

# U.S. District Court
## Middle District of Pennsylvania (Harrisburg)
### CRIMINAL DOCKET FOR CASE #: 1:98-cr-00320-SHR-ALL

Case title: USA v. Taylor

Date Filed: 12/21/1998

Assigned to: Judge Sylvia H. Rambo

06-PT-337-TFH

**Defendant**

Nathaniel Taylor (1)
*TERMINATED: 04/16/1999*

represented by **D. Toni Byrd**
Federal Public Defender's Office
330 Pine Street
Suite 302
Williamsport, PA 17701
570-323-9314
Email: pamd-fpd.wil@verizon.net
*TERMINATED: 04/16/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Daniel Isaiah Siegel**
100 Chestnut St.
Suite 306
Harrisburg, PA 17101
717-782-2237
Email: fpd_harrisburg@earthlink.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Nathaniel Taylor**
FCI-ALLENWOOD
Medium Security
P. O. Box 2500
White Deer, PA 17887
*TERMINATED: 04/16/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Certified from the record
Date 8/28/06
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

**Pending Counts**

18:1791(a)(2), (d)(1)(B) and 2

**Disposition**

Imprisonment 27 months to run

POSSESSION OF A KNIFE BY A
FEDERAL INMATE
(1)

consecutively w/any sentence now
serving. Supervised release 2 years.
Special assesment $100.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                       **Disposition**

None

---

**Plaintiff**

**USA**                                represented by **Martin C. Carlson**
U.S. Attorney's Office
228 Walnut St.
Room 217 Federal Building
Harrisburg, PA 17108
717-221-4482
Email: Martin.Carlson@USDOJ.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/21/1998 | 1 | INFORMATION by USA Martin C. Carlson. Nathaniel Taylor (1) count(s) 1 (cc: dft, USA, counsel, USM, USP, Court) (pr) (Entered: 12/21/1998) |
| 12/21/1998 |   | REMARK - copy dkt to CJ Rambo. (pr) (Entered: 12/21/1998) |
| 12/21/1998 | 2 | PLEA Agreement as to Nathaniel Taylor (cc: dft, USA, Court, counsel, USM, USP) (pr) (Entered: 12/21/1998) |
| 12/23/1998 | 3 | ORDER by Judge Sylvia H. Rambo Rule 5 & arraignment set 1/21/99, 9:00 as to Nathaniel Taylor (cc: dft, USA, counsel, USM, Ct.Rptr, Ct.dpty, USP, Court) (pr) (Entered: 12/28/1998) |
| 01/21/1999 | 4 | MINUTE SHEET: before Judge Sylvia H. Rambo first appearance of Nathaniel Taylor; Attorney present; dft waives prosecution by indictment and is arraigned; guilty plea entered; dft released OR (to prior federal custody) CTR: V.Fox (pr) (Entered: 01/25/1999) |

| | | |
|---|---|---|
| 01/21/1999 | 5 | CJA Form 23 (Financial Affidavit) as to Nathaniel Taylor (pr) (Entered: 01/25/1999) |
| 01/21/1999 | 6 | ORDER by Judge Sylvia H. Rambo appointing Federal Public Defender for defendant Nathaniel Taylor (cc: dft, FPD) (pr) (Entered: 01/25/1999) |
| 01/21/1999 | 7 | WAIVER of Indictment by defendant Nathaniel Taylor. (pr) (Entered: 01/25/1999) |
| 01/21/1999 | 8 | PLEA of guilty by defendant Nathaniel Taylor. (pr) (Entered: 01/25/1999) |
| 01/21/1999 | 9 | ORDER by Judge Sylvia H. Rambo setting conditions of release for Nathaniel Taylor: dft released OR (to prior federal custody). cc: Ct, USA, USM, Prob, Dft, Cnsl. (pr) (Entered: 01/25/1999) |
| 01/21/1999 | 10 | ORDER by Judge Sylvia H. Rambo accepting guilty plea; directing entry of judgment of guilty; sentencing is deferred pending presentence report. cc: dft, USA, counsel, USM, USP, Court) (pr) (Entered: 01/25/1999) |
| 04/07/1999 | 11 | NOTICE OF COURT sentencing set 4/16/99, 9:00 as to Nathaniel Taylor (cc: dft, USA, cnsl, USM, USP, Ct. Rep., Warden-Allenwood, Court) (pc) (Entered: 04/08/1999) |
| 04/16/1999 | 12 | MINUTE SHEET: before Judge Sylvia H. Rambo sentencing held as to Nathaniel Taylor. Dft present w.cnsl. Sentence imposed. See J&C. CTR: V. Fox (pc) (Entered: 04/16/1999) |
| 04/16/1999 | 13 | JUDGMENT and Commitment by Judge Sylvia H. Rambo sentencing Nathaniel Taylor (1) count(s) 1. Imprisonment 27 months to run consecutively w/any sentence now serving. Supervised release 2 years. Special assesment $100. party Nathaniel Taylor terminated (cc: dft, USA, counsel, USM 3, USP 2, BFP 2, security, financial, Teruso, Terry, Court) (pc) (Entered: 04/16/1999) |
| 04/19/1999 | | REMARK - case file moved to Hbg closed criminal section. (pr) (Entered: 04/19/1999) |
| 04/21/1999 | 14 | NOTICE of Appeal by defendant Nathaniel Taylor of judgment imposed 4/16/99 [13-2] (cc: Ct, dft, USA, counsel, Ct rep, USP, USCA- w/cc of dkt, FPD order jgmt, and 1st trans ltr (pc) Modified on 04/22/1999 (Entered: 04/22/1999) |
| 04/22/1999 | | REMARK - TPO given to Atty. (pc) (Entered: 04/22/1999) |
| 04/22/1999 | | REMARK - Case file moved to HBG Appeal section (pc) (Entered: 04/22/1999) |
| 04/28/1999 | 15 | JUDGMENT and Commitment returned executed 4/19/99 w/delivery of dft to FCI-Allenwood. (pr) (Entered: 04/29/1999) |
| 05/03/1999 | 16 | NOTIFICATION by Circuit Court of Appellate Docket Number and of dkting dft's 4/21/99 appeal on 4/30/99 @ USCA Number: 99-3324 (pr) (Entered: 05/05/1999) |
| | | |

| 05/10/1999 | 17 | TRANSCRIPT Purchase Order for dates: 1/21/99, 4/16/99 by defendant Nathaniel Taylor (pr) (Entered: 05/11/1999) |
|---|---|---|
| 05/14/1999 | 18 | TRANSCRIPT of rule 5 & arraignment held on 1/21/99, for defendant Nathaniel Taylor CTR: V.Fox (pr) (Entered: 05/17/1999) |
| 05/14/1999 | 19 | TRANSCRIPT of sentencing held on 4/16/99, for defendant Nathaniel Taylor CTR: V.Fox (pr) (Entered: 05/17/1999) |
| 05/19/1999 | | DISTRICT COURT RECORD COMPLETE FOR PURPOSES OF APPEAL. 2nd trans. sent to USCA w/cert copy of dkt entries (cert. list in lieu of record); ackn. ltr. (seal) (Entered: 05/19/1999) |
| 05/24/1999 | 20 | ACKNOWLEDGEMENT - by USCA of receipt of cert list in lieu of record (2nd transmittal) on 5/21/99. (pr) (Entered: 05/25/1999) |
| 05/27/1999 | | REMARK - case file sent to Scranton closed file room. (pr) (Entered: 05/27/1999) |
| 06/04/1999 | | REMARK - case file requested from Scranton (sm) (pr) (Entered: 06/04/1999) |
| 06/09/1999 | | REMARK file returned to HBG on 6/9/99 (bs) (Entered: 06/09/1999) |
| 06/10/1999 | | REMARK - case file rec'd in Hbg and placed in Hbg criminal appeal section. (pr) (Entered: 06/10/1999) |
| 06/22/1999 | 21 | STENO NOTES - of Proceedings of defendant Nathaniel Taylor's 1/21/99 rule 5/arraign. & 4/16/99 sentencing. CTR: Fox (NOTES PLACED IN BOX HN-104) (BOTH TRANSCRIBED) (am) (Entered: 06/22/1999) |
| 11/19/1999 | 22 | ORDER from USCA dismissing the appeal [14-1] upon agreement of the parties. (cc: Ct, USA, Cnsl) (pr) (Entered: 11/19/1999) |
| 11/19/1999 | | REMARK - case file sent to Scranton closed file room. (pr) (Entered: 11/19/1999) |
| 06/30/2006 | 23 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to District of Columbia. Signed by Judge Rambo June 30, 2006. (kjn) (Entered: 06/30/2006) |

# United States District Court

## Middle District of Pennsylvania  06-PT-337-TFH

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| NATHANIEL TAYLOR | Case Number: 1:98CR00320-001 |
| | D. Toni Byrd, Esquire |
| | Defendant's Attorney |

**FILED**
HARRISBURG, PA

APR 16 1999

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1791 (a)(2) & (d)(1)(B) | Possession of a Knife by a Federal Inmate | 10/30/1998 | 1 |

Certified from the record
Date 8/28/06
Mary E. D'Andrea, Clerk
Per _____
      Deputy Clerk

Certified from the record
Date 4-16-99
Mary E. D'Andrea, Clerk
Per _____
      Deputy Clerk

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 04/21/1969
Defendant's USM No.: 14957-016
Defendant's Residence Address:
FCI Allenwood
PO Box 2500
White Deer          PA       17887

Defendant's Mailing Address:
FCI Allenwood
PO Box 2500
White Deer          PA       17887

04/16/1999
Date of Imposition of Judgment

_____
Signature of Judicial Officer

Hon. Sylvia H. Rambo, Chief Judge
Middle District of Penna.
Name & Title of Judicial Officer

April 16, 1999
Date

DEFENDANT: NATHANIEL TAYLOR
CASE NUMBER: 1:98CR00320-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __27__ month(s).

This term of imprisonment shall run consecutively to any sentence the defendant is now serving or for which he is being held.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                                            UNITED STATES MARSHAL

By _____

                                                                                                                  Deputy U.S. Marshal

DEFENDANT:     NATHANIEL TAYLOR
CASE NUMBER:   1:98CR00320-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __2__ year(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the Court or probation officer;
2) the defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change of residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

See Additional Standard Conditions of Supervision - Page     4

DEFENDANT: NATHANIEL TAYLOR
CASE NUMBER: 1:98CR00320-001

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;
15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer
16) the defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessment;
17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessment.
18) the defendant shall provide the Probation Officer with access to any requested financial information.

DEFENDANT: NATHANIEL TAYLOR
CASE NUMBER: 1:98CR00320-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals: $ _____   $ _____

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties
Case 1:06-pt-00337-TFH   Document 2   Filed 08/31/2006   Page 12 of 12

Judgment-Page __6__ of __7__

DEFENDANT: NATHANIEL TAYLOR
CASE NUMBER: 1:98CR00320-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X] in full immediately; or

B  [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ] not later than _____ ; or

D  [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The special assessment shall be paid through the Clerk, US District Court, PO Box 983, Harrisburg, PA 17108.**

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.